# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ETHELENE JEFFERSON JONES v. DEWAYNE ANTHONY JONES

**Appeal from the Chancery Court for Shelby County**
**No. CH1217743     Oscar C. Carr, III, Judge**

_____

**No. W2015-00552-COA-R3-CV – Filed September 23, 2015**
_____

Because the order appealed is not a final judgment, this Court lacks subject matter jurisdiction.  Therefore, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.,W.S., ARNOLD B. GOLDIN, J., AND BRANDON O. GIBSON, J.

Ethelene Jefferson Jones, Memphis, Tennessee, appellant, Pro Se.

Michael Harrell, Memphis, Tennessee, for the appellee, Dewayne Anthony Jones.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter.  After this review, it appeared to the Court that it did not have jurisdiction.  Specifically, we could find nothing in the record reflecting that the trial court adjudicated the following claims:

1. The request of Appellee Dewayne Anthony Jones for an award of attorney fees and costs as set forth in the "Answer and Counter-Complaint" filed in the trial court on June 27, 2014; and,

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2. The request of Appellee Dewayne Anthony Jones for an award of attorney fees and costs as set forth in the "Amended Motion to Compel" filed in the trial court on January 27, 2015.

Thus, by Order entered on July 17, 2015, the Court directed Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court. On August 24, 2015, the Clerk of this Court received a supplemental record containing the trial court's order entered on August 13, 2015 and styled "Amended Final Decree of Divorce." Upon our review of that order, it appeared that the trial court assessed attorney fees against Plaintiff/Appellant Ethelene Jefferson Jones, but did not specify the amount of attorney fees that were awarded to Appellee Dewayne Anthony Jones.

The Court determined that the Order appealed was still not a final judgment, and therefore, entered an Order on August 27, 2015, directing Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else to, within fifteen (15) days of the entry of that Order, show cause why this appeal should not be dismissed for lack of a final judgment. On that same date, the Clerk of this Court transmitted a copy of our Order of August 27, 2015, to Appellant by certified mail, return receipt requested. On September 10, 2015, the Clerk received the entire mail parcel by return mail and the mail parcel was stamped "Refused." As of this date, the Clerk has not received a supplemental record containing a final judgment nor has Appellant otherwise responded to our Order of August 27, 2015.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed is not a final judgment and therefore, this Court lacks subject matter jurisdiction.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Because appellant is proceeding, *informa pauperis*, in this appeal, execution may issue for costs if necessary.

**PER CURIAM**